FILED

2024 Jul-29  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSE CARLITO POOT CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **6:23-cv-00994-LSC** |
| | ) | |
| GUNN & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Plaintiff Jose Carlito Poot Cruz ("Cruz") brings this action against Defendant Gunn & Associates, P.C. ("Gunn") incident to an injury sustained during a construction project at Meek High School in Arley, Alabama. Before the Court is Gunn's motion for summary judgment. (Doc. 21.) For the reasons stated below, this motion is due to be **GRANTED.**

**I.     BACKGROUND[1]**

---

[1]     The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record….").

Defendant Gunn is an Alabama corporation that "deliver[s] electrical engineering design and supervision through the State of Alabama." (Doc. 22-1 at 1.) In early 2023, Gunn contracted with the Alabama State Department of Education Administrative and Finance Divisions to provide designs for electrical upgrades to Meek High School. (*Id.* at 1, 6, 9.) Gunn was hired as a project engineer—a role that made it the "primary design professional" at the site. (Doc. 22 at 2.) Among other things, the contract provided that Gunn "shall not be responsible for": supervising the general contractor's work performance; the "safe execution" of the work; or the "acts or omission" of the general contractor, subcontractors, or their agents. (Doc. 22-1 at 12.) It further provided that, as to Gunn, the terms of the contract "shall not give rise to a duty to review or approve the adequacy of the Contractor's safety programs, safety supervision, or any safety measure which the Contractor takes or fails to take in, on, or near the Project site." (*Id.* at 13.)

Plaintiff Cruz is a Mexican national living in Alabaster, Shelby County, Alabama. (Doc. 1 ¶ 1.) On or before June 5, 2023, Cruz began working at the Meek High School construction site for Titan Electric, Inc. ("Titan"). (Doc. 1 ¶ 3.) Per the General Conditions of Titan's Construction Contract, Titan was "solely and completely responsible for conditions at the Project site, including safety of all persons (including employees) and property." (Doc. 22-1 at 19.) On June 5, a "man

lift" operated by Cruz allegedly sank "suddenly, violently, and without warning"
into an unmarked septic tank at the site, causing Cruz to suffer severe and traumatic
injuries. (Doc. 1 ¶ 9.)

Cruz subsequently brought suit against Gunn, alleging that it was negligent in
maintaining and supervising the safety of the site.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a
whole could lead a rational trier of fact to find for the nonmoving party." *Hickson
Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine
dispute as to a material fact exists "if the nonmoving party has produced evidence
such that a reasonable factfinder could return a verdict in its favor." *Greenberg v.
BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v.
Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge
should not weigh the evidence, but should determine whether there are any genuine
issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213-14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (*per curiam*) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## III.   DISCUSSION

In his Complaint, Cruz alleges that, as "primary/general contractor," Gunn had a duty to control, inspect, and supervise not only the construction site, but also the workers and equipment therein. (Doc. 1 ¶¶ 5, 10, 11, 30.) Further, Cruz argues that Gunn "negligently and/or wantonly" failed to warn against the hazardous conditions, provide any protection, train its personnel, supervise its personnel, perform competent inspections, and more. (*Id.* ¶¶ 19–28.)

Gunn moves for summary judgment on all claims. It argues—and the record makes clear—that Gunn was not the general contractor at all, was not required to supervise the site or warn of dangerous conditions, and did not attempt to do so. In response, Cruz makes vague assertions about "not necessarily agree[ing] with ... certain facts and law cited by Defendant Gunn," but otherwise offers no rebuttal and "does not object to dismissal of [his] claims against Defendant Gunn."[2] (Doc. 23.)

In any negligence action, the fundamental elements are (1) a duty owed by the defendant to the plaintiff, (2) a breach of the standard of care that corresponds to

---

[2]   Cruz states that dismissal should be "without prejudice as previously agreed." (Doc. 23.) He cites neither fact nor law in support of this assertion. Gunn denies any such agreement. An e-mail between counsel shows counsel for Gunn demanding "that Plaintiff voluntarily dismiss this case *with prejudice.*" (Doc. 24-1 at 2 (emphasis added).) If Cruz wished to voluntarily dismiss this action *without* prejudice, he had ample time to do so under Federal Rule of Civil Procedure 41(1). Now, it is too late. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 410 (1990) (Stevens, J., concurring) (explaining that a voluntary dismissal under Rule 41 "is without prejudice only if the dismissal precedes the filing of ... a motion for summary judgment"); *see also Awale v. Hassell*, No. 4:16-CV-01981-RDP-HGD, 2017 WL 2905933, at *1 (N.D. Ala. Jan. 10, 2017) ("The granting of summary judgment is a final adjudication with prejudice on the merits.").

that duty, (3) causation, and (4) damages. *Mohr v. CSX Transport, Inc.*, 309 So. 3d 1204, 1209 (Ala. 2020). The absence of any of these elements "renders a complaint bad or the evidence insufficient." *City of Montgomery v. Patterson*, 80 So. 3d 264, 267 (Ala. 2011).

The dispositive issue here is that Gunn owed no duty to supervise or maintain safety at the construction site. Under Alabama law, if parties sign a written agreement, "their rights and duties are governed by the agreement." *Kahn v. Terry*, 628 So. 2d 390, 392 (Ala. 1993). Here, the contracts at issue clearly state that Titan, not Gunn, was the general contractor. As such, Titan was "solely and completely responsible for conditions at the Project site, including safety of all persons (including employees) and property." (Doc. 22-1 at 19.) Gunn, by contrast, owed no "duty to review or approve the adequacy of [Titan's] safety programs, safety supervision, or any safety measure which [Titan] takes or fails to take in, on, or near the Project site." (*Id.* at 13.)

Cruz admits as much in his response to Gunn's motion for summary judgment by failing to dispute Gunn's statement of facts. Section (D)(2)(a) of Appendix II to this Court's Uniform Initial Order clearly warns that "all material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party

opposing summary judgment." (Doc. 12 ¶ 13–18.) *See* FED. R. CIV. P. 56(e)(2). Cruz

fails not only to set forth his own statement of facts but also to substantively respond

to Gunn's. (*See* doc. 23.) The only statement that approaches a response—Cruz's

statement that he "does not necessarily agree with ... certain facts and law"—is

wholly insufficient to rebut Gunn's statement of undisputed facts. (*Id.*; doc. 12 at

16.) *See First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968) ("[A]

party cannot rest on the allegations contained in his complaint in opposition to a

properly supported summary judgment motion made against him."). Consequently,

it stands undisputed that Gunn was not the general contractor and owed no duty to

supervise or maintain safety at the construction site. As such, Gunn has "negat[ed]

an essential element of the nonmoving party's case," and is thus entitled to summary

judgment. *McGee*, 719 F.3d at 1242; FED. R. CIV. P. 56(e)(3).

## IV.   CONCLUSION

Gunn's motion for summary judgment (doc. 21) is due to be **GRANTED.**

The Court will enter an Order consistent with this Opinion.

**DONE** AND **ORDERED** ON JULY 29, 2024.

_____

L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

215647